

PHILIP D. MURPHY
*Governor*

SHEILA Y. OLIVER
*Lt. Governor*

# State of New Jersey
OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION OF LAW
25 MARKET STREET
PO Box 106
TRENTON, NJ 08625-0106

MATTHEW J. PLATKIN
*Attorney General*

MICHAEL T.G. LONG
*Director*

September 1, 2023

Hon. Andrew B. Altenburg, Jr., U.S.B.J.
United States Bankruptcy Court
District of New Jersey
Mitchell H. Cohen U.S. Courthouse
400 Cooper Street, 4th Floor
Courtroom 4B
Camden, NJ 08101

    Re:   William R. Peck, Jr.,
             Case No. 22-13514 (ABA)

Dear Judge Altenburg:

Please accept this letter in response to the Chapter 13 Trustee's opposition and in further support of the State of New Jersey, Division of Taxation's ("Taxation"), Motion for Turnover. Doc. Nos. 89 and 90. First and foremost, it bears noting that Taxation agrees with the Chapter 13 Trustee that she cannot distribute funds to creditors through a Chapter 13 Plan – whether confirmed or not confirmed – since the matter was converted to a Chapter 7 liquidation. Doc. No. 90 at 4. Moreover, Taxation agrees that the funds held by the Chapter 13 Trustee are, in fact, property of the debtor, and not property of the bankruptcy estate. Id. at 2. Indeed, this fact - that the funds held by the Chapter 13 Trustee are property of the debtor – compels turnover to Taxation and the cases cited by the Chapter 13 Trustee are not to the contrary.

First, the Supreme Court in Harris v. Viegelahan, faced a Chapter 13 trustee that, after conversion to Chapter 7, distributed the debtor's post-petition wages to debtor's counsel as an administrative fee and a secured lender of the



HUGHES JUSTICE COMPLEX • TELEPHONE: (609) 376-2869 • FAX: (609) 777-3515
*New Jersey Is An Equal Opportunity Employer • Printed on Recycled Paper and Recyclable*

debtor, and the debtor sued for return of the funds. 575 U.S. 510, 515-16 (2015). The Supreme Court held that upon conversion, a Chapter 13 Trustee cannot distribute post-petition wages to creditors under a Chapter 13 plan. Id. at 517. Specifically, the Court held that upon conversion, the Chapter 13 Trustee was stripped of any authority to distribute payments to creditors as through a plan. Id. at 518. The Court next held that a Chapter 13 plan does not give creditors a vested right to funds held by a Chapter 13 trustee. Id. at 520. Finally, the Court held that, after conversion, funds held by the Chapter 13 Trustee did not become part of the Chapter 7 estate, but rather re-vested in the debtor. Id. at 521.

Similarly, in In re Spraggins, Case No. 13-28807, 2015 Bankr. Lexis 3016 (N.J. Bankr. Sept. 3, 2015), the debtor's Chapter 13 case was converted to Chapter 7, and the Chapter 13 trustee held debtor's postpetition wages in trust. Id. at *2. The debtor's attorney sought payment for attorneys fees prior to the return of the funds held by the Chapter 13 trustee to the debtor. Ibid. This court held that whether or not bankruptcy claims could be paid after conversion was not dependent upon the administrative status of the claims. Id. at *3. That is, even administrative claim may not be paid from funds held by the Chapter 13 Trustee after conversion. Ibid. This court noted that this holding was equally true whether the Chapter 13 Plan was confirmed or not. Id. at *4.

Here, Taxation is not seeking payment through a Chapter 13 Plan, or even through its filed proof of claim. Rather, it is seeking to levy on its valid and enforceable lien against Debtor's assets. Taxation's request does not negate or offend the rulings in these two cases. Taxation agrees that the funds held by the Chapter 13 Trustee are property of Debtor, and it is the very fact that the assets are property of Debtor that allows Taxation to assert its lien on same. See 11 U.S.C. § 1326(a)(2).

Taxation has a real, valid, and enforceable lien on all assets of Debtor, including the funds held by the Chapter 13 Trustee. N.J.S.A. 54:49-1 (once a debt is due and owing to Taxation, it immediately becomes a lien on any and all assets of the taxpayer). Debtor has unpaid tax debt due and owing to Taxation, including, but not limited to, Gross Income Tax – Individual for tax years 2002, 2004, 2019, and 2020. This debt is a lien on any and all assets of Debtor. Those assets necessarily include bank accounts, savings accounts, investment accounts, any money held on behalf of Debtor and any accounts receivable owed to Debtor. Ibid.

Since conversion, the Chapter 13 Trustee holding of Debtor's post-petition funds is analogous to a bank that holds Debtor's monies, or, alternatively, is in a similar position to holding an accounts receivable owed to Debtor. Taxation has valid authority to levy on such funds, and, in fact, has levied on such funds.[1] Thus, Taxation levy does not fall under the holdings in Harris or Spraggins, as Taxation is not seeking payment as a creditor through the bankruptcy. Rather, Taxation is relying on its state statutory collection scheme to properly levy and collect upon assets of Debtor.

As such, Taxation's motion must be granted, and the funds turned over as required under Taxation's legal levy.

Respectfully submitted,

MATTHEW J. PLATKIN
ATTORNEY GENERAL OF NEW JERSEY

By: /s/ Heather Lynn Anderson
Heather Lynn Anderson
Deputy Attorney General

---

[1] A Warrant of Execution was issued to the Chapter 13 Trustee's office on August 7, 2023.